HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANAA HAMMOU,

              Plaintiff,

    v.

USCIS,

              Defendant.

CASE NO. C17-5260RBL

C17-0572RBL

ORDER OF REASSIGNMENT TO SEATTLE

THIS MATTER is before the Court on its own Motion after review of Plaintiff Hammou's Motion to proceed *in forma pauperis* [Dkt. #1].

This case was filed in Tacoma on April 6, 2017. A week later, Hammou filed a substantially similar case (No. C17-0572RAJ) in the Western District's Northern Division (Seattle). A Minute Order[1] was issued in the Seattle case [Dkt. #7 in C17-0572], reassigning it to the judge assigned to this first-filed case, consistent with LCR 3(e)(3) (concerning intra-district

---

[1] The Order also instructed that future filings should use the case number for the second-filed case, but the common practice is to use the number of the first-filed case, in this case 17-5260.

C17-0572RBL - 1

transfer to facilitate consolidation under LCR 42) and LCR 3(g)(2)(A) and (B) (concerning related cases).

Plaintiff Hammou lives in Tacoma. She sued "USCIS" (presumably, the United States Citizenship and Immigration Service), seeking a writ of mandamus forcing that entity to process the naturalization application she filed there. [Dkt. #1-1 at 2 in this case; Dkt. # 1-1 at 2 in No. C17-0572]. In each case, Hammou correctly alleged that USCIS was located in Seattle.

LCR 3 governs the intra-district assignment of cases filed in the Western District. Like the broader venue statue, 28 U.S.C. § 1391(b), it instructs that the proper location for a case turns on where the *defendant* resides or does business, or where the action arose. Neither the statute nor the local rule suggests that the proper venue depends on the plaintiff's residence:

**(e) Intradistrict Assignment and Reassignment**

> (1) In all civil cases in which all defendants reside, or in which all defendants have their principal places of business, or in which the claim arose in the counties of Clallam, Clark, Cowlitz, Grays Harbor, Jefferson, Kitsap, Lewis, Mason, Pacific, Pierce, Skamania, Thurston, and Wahkiakum, the case will usually be assigned to a judge in Tacoma. In cases where all defendants have their principal places of business, or in which the claim arose in the counties of Island, King, San Juan, Skagit, Snohomish, or Whatcom, the case will be assigned to a judge in Seattle[.]

LCR 3(e)(1)[2]

The Defendant in these cases is located, and does business, in Seattle. Hammou's only claim is that the application she filed there has not been processed, and she asks the court to force the agency to act, in Seattle. Both cases should have been filed in Seattle, and are properly assigned to a Seattle District Court Judge in the first instance. That judge will address the

---

[2] The numbering, but not the substance, of this Rule was changed effective April 24, 2017.

pending motions for leave to proceed *in forma pauperis*, and whether to consolidate these related cases.

The clerk shall transfer these related cases to Seattle for a judge assignment, consistent with the Local Rules and the common practice.

IT IS SO ORDERED.

Dated this 27th day of April, 2017.

                                                Ronald B. Leighton
                                                United States District Judge